IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DAVID ELLIS, | ) | |
| Plaintiff, | ) | Case No. 5:21-cv-00025 |
| v. | ) | Hon. Diana Saldaña |
| SCHNEIDER NATIONAL, INC., ET AL., | ) | Magistrate Diana Song Quiroga |
| Defendants. | ) | |

## **INDIVIDUAL DEFENDANTS' MOTION TO DISMISS**

Defendants Jorge Bustamante and Virginia Solares (collectively, the "Individual Defendants")[1] through counsel, McGuireWoods LLP, hereby submit the following motion to dismiss all counts of Plaintiff David Ellis' ("Plaintiff") Second Amended Complaint (Doc. 7) as to the Individual Defendants, and in support thereof state as follows:

## **INTRODUCTION**

Plaintiff's Second Amended Complaint[2] against the Individual Defendants must be dismissed for failure to state a claim for two reasons. First, Plaintiff failed to exhaust administrative remedies as he did not name the Individual Defendants as Respondents in his EEOC Charge of Discrimination and did not assert a disability discrimination claim within his Charge. Second, Plaintiff cannot pursue a claim under Title VII, the Americans with Disabilities Act

---

[1] The docket in this matter reflects that Virginia Solares was served on March 19, 2021 and Jorge Bustamante was served on March 22, 2021. (Docs. 9, 11). While both of the Individual Defendants were served with a copy of a "Summons in a Civil Action" on the aforementioned dates, to date, neither Individual Defendant has been served with a copy of Plaintiff's Complaint. Nevertheless, out of an abundance of caution, the Individual Defendants are filing this Motion within the timeframe dictated by a March 19, 2021 service date.

[2] On March 10, 2021, Plaintiff filed an initial *pro se* Complaint against the Individual Defendants and Schneider National, Inc. (Doc. 1). On March 12, 2021, Plaintiff filed an Amended Complaint. (Doc. 6). On March 15, 2021, Plaintiff filed the operative Second Amended Complaint. (Doc. 7).

1

("ADA") or the Age Discrimination in Employment Act ("ADEA") against the Individual Defendants because those statutes do not create individual liability.

## LEGAL ANALYSIS

I. **Governing Legal Standard.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a Court may dismiss a claim that lacks a cognizable legal theory or the absence of sufficient facts to form a cognizable legal theory. FED. R. CIV. P. 12(b)(6). Indeed, Rule 8(a)(2) imposes a "plausibility standard" which requires factual allegations showing "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citations and internal marks omitted).

II. **Plaintiff Failed to Exhaust Administrative Remedies Against the Individual Defendants.**

An ADA, ADEA or Title VII plaintiff must file a charge with the EEOC before bringing a court action against an employer. 42 U.S.C. § 12117(a) (incorporating multiple sections, including 42 U.S.C. § 2000e-5(e)(1) and (f)(1)); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996); *see also Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378 (5th Cir. 2019) ("To bring a suit under Title VII, the ADA (disability), or the ADEA (age), a complainant must file a charge of discrimination with the EEOC to exhaust his administrative remedies.") (citations omitted). It has long been recognized that a party not named in an EEOC charge may not be sued unless there is a clear identity of interest between the unnamed and named party or the unnamed party had actual notice of the EEOC proceedings. *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 483-84 (5th Cir. 2014), *as revised* (Sept. 18, 2014); *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988).

Here, there are no facts which would establish an identity of interest between Schneider National, Inc. and the Individual Defendants or that either of the Individual Defendants had actual notice of the EEOC charge. Plaintiff only named Schneider National, Inc. as a Respondent to his Charge. *See* Plaintiff's Charge of Discrimination attached hereto as *Exhibit A*.[3] Plaintiff did not name the Individual Defendants as Respondents in his EEOC Charge. *Id.* Plaintiff's claims against the Individual Defendants should be dismissed for this reason alone. *See Black v. Sysco Foods of Houston*, No. CIV A H-06-2236, 2006 WL 2634582, at *2 (S.D. Tex. Sept. 12, 2006) (dismissing *pro se* plaintiff's claims against individual defendant who was not named in EEOC charge).

Moreover, though Plaintiff's claims now appear to include disability discrimination allegations, such allegations were not included within Plaintiff's EEOC Charge. Plaintiff did not check the box on his Charge regarding "Disability" discrimination or otherwise assert allegations of disability discrimination within the narrative on his Charge. *See generally Exhibit A*. In contrast, on his Original Complaint, Plaintiff checked the box to indicate that he was bringing a discrimination action under the ADA, and he appears to be continuing to pursue such a claim in his operative Second Amended Complaint. *See* (Doc. 1 at 3; Doc. 7 at 2 (referencing the ADA)). However, because Plaintiff failed to include any disability discrimination allegations in his Charge, these claims are barred. *Dao*, 96 F.3d at 789 (affirming dismissal of ADA claim where plaintiff did not file a disability discrimination charge); *Bustos*, 2020 WL 2529384, at *2 (recommending dismissal of disability discrimination claim as plaintiff failed to exhaust his administrative

---

[3] Because Plaintiff's EEOC Charge is central to his Complaint, the Individual Defendants are permitted to attach a copy of it to their motion to dismiss and this Court may take judicial notice of the Charge. *See Bustos v. United Parcel Serv., Inc.*, No. CV H-19-2979, 2020 WL 2529384, at *3 (S.D. Tex. Apr. 29, 2020), *report and recommendation adopted,* No. CV H-19-2979, 2020 WL 2528540 (S.D. Tex. May 18, 2020) ("Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion.") (citation omitted).

remedies where his EEOC charge did not reference a disability or discrimination based on a disability).

For all these reasons, Plaintiff's claims against the Individual Defendants must be dismissed due to his failure to exhaust his administrative remedies.

### III. Plaintiff Cannot Pursue Title VII, ADEA or ADA Claims Against the Individual Defendants.

While Plaintiff's Second Amended Complaint does not identify the legal basis of his claims, he appears to be attempting to assert claims of disability, age, race and religious discrimination and retaliation under the ADA, ADEA and Title VII, respectively.[4] However, the ADA, ADEA and Title VII all do not create a cause of action against supervisors or other individual agents of an employer. *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 709 F.App'x 243, 247 (5th Cir. 2017) (citing *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001)) (affirming dismissal of Title VII and ADEA claims against individual defendants as these statutes provide no basis for individual liability); *Estrada v. Nehls*, No. CV H-19-3883, 2021 WL 880377, at *12 (S.D. Tex. Mar. 9, 2021) (citing *Lolla v. Baker*, 196 F.3d 603, 608-09 (5th Cir. 1999)) (dismissing *pro se* plaintiff's ADA claims against an individual defendant as "there is no individual liability for claims under the ADA"); *see also Decker v. Dunbar*, 633 F. Supp. 2d 317, 357 (E.D. Tex. 2008), *aff'd* 358 F.App'x. 509, 2009 WL 5095139 (5th Cir. 2009), *cert. denied*, 562 U.S. 848 (2010); *Iqbal v. City of Pasadena*, No. CV H-19-3608, 2020 WL 411107, at *5 (S.D. Tex. Jan. 24, 2020) (dismissing ADA claims against individual defendant as ADA's definition of "employer" mirrors Title VII's and the Fifth Circuit has consistently held that individuals are not liable under

---

[4] In his original Complaint, Plaintiff marked the boxes to indicate that he was pursuing discrimination actions under the ADA, ADEA and Title VII. *See* (Doc. 1 at 3).

Title VII) (citation omitted); *Black*, 2006 WL 2634582, at *2 (citing *Grant v. Lone Star Co.,* 21 F.3d 649, 652 (5th Cir. 1994)) (dismissing *pro se* plaintiff's Title VII claims against individual defendant as he could not be sued in his individual capacity for employment discrimination).

As the Individual Defendants cannot personally be sued under Title VII, the ADEA or the ADA, Plaintiff's claims against them must be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants Jorge Bustamante and Virginia Solares respectfully request that the Court dismiss Plaintiff's claims against them with prejudice.

Dated: April 9, 2021                                    Respectfully submitted,

By:  /s/ *Meghaan C. Madriz*
Meghaan C. Madriz
*Attorney-in-Charge*
mmadriz@mcguirewoods.com
Texas Bar No. 24070241
S.D. Tex. No. 1062431
MCGUIREWOODS LLP
600 Travis Street, Suite 7500
Houston, Texas 77002
(832) 255-6365 Telephone
(832) 214-9935 Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 9, 2021, a true copy of the foregoing was filed with the Court using the CM/ECF system, which will send notice to the following:

>David E. Ellis
>2700 E. Saunders – Unit 2422
>Laredo, TX  78044
>davidellis2@msn.com

>*/s/ Meghaan C. Madriz*
>Attorney